Argued March 6, reversed and remanded May 13, 1964

## PETERSON *v.* SCHLOTTMAN
392 P. 2d 262

*Cleveland C. Cory,* Portland, argued the cause for appellant. On the briefs was Edwin J. Welsh, Portland.

*Frederic P. Roehr,* Portland, argued the cause for respondent. With him on the brief were Vergeer & Samuels and Duane Vergeer, Portland.

Before PERRY, J., Presiding, and O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries alleged to have been caused when defendant's and plaintiff's automobiles collided. Plaintiff appeals from a judgment entered on a verdict for defendant.

Defendant's automobile struck the rear end of plaintiff's automobile which caused the two cars to "lock" together. Plaintiff testified that when he got out of his car he felt a pain in his back and that when he leaned over to see how the two cars were engaged he felt a severe pain "like I was struck in the back."

In his examination of witnesses and in his argument to the jury defendant's counsel attempted to develop the idea that plaintiff suffered his back injury from lifting in the effort to disengage the cars. However, there was no evidence that plaintiff attempted to lift one of the cars.

Plaintiff contends that reversible error was committed when defendant's counsel elicited from plaintiff's medical witness testimony based upon the hypothesis that plaintiff had lifted one of the cars. The testimony was as follows:

"Q Doctor, when did this fracture occur, did it occur when he felt the onset of this severe pain, or did it occur at some other time?

"A Personally, I think it must have occurred prior to that time because I don't think just the bending, as you have described it, should under ordinary circumstances produce this. He may not feel it because—merely my personal feeling—that he had that compression but it was not sufficient to bother him as long as his spine was erect and the

minute he bent over, then, the compression caused him pain.

"Q  Let's take this a little bit further. Let's assume at that time he attempted to move the cars.

"A  Yes.

"Q  If he attempted to move the cars at that time, if this turns out to be the evidence, then what? Would you change your opinion?

"MR. WELSH: Your Honor, I will object to that question, there being no evidence in the record that he attempted to move the cars.

"MR. VERGEER: Your Honor, the doctor was called out of order.

"THE COURT: I would not disagree with your premise, Mr. Welsh, but we know that the doctor is being asked for his opinion as to the cause of the compression. I am overruling your objection.

"Q  (By Mr. Vergeer) All right. Doctor what would be your opinion on that theory?

"A  Well, on that theory I would still have to feel that there must have been some weakness or softening of the bone, or injury to it, because when he would bend over, if he tried to lift the cars, generally, that would be a very logical reason for this type of a fracture. We see that many times and that would explain it very nicely, if he attempted to do some heavy lifting to unlock a bumper.

"Q  It would be your opinion, if he attempted to do that, that was probably the producing cause of this?

"A  Under those circumstances, but that wasn't the history I received in this case.

"Q  No, but if you assumed such a history, that would be your opinion, is that right?

"A  I think it would be, yes."

The rule is well established that the facts assumed in a hypothetical question must be supported by evidence in the case.[1] Defendant argues that the permissible scope of the hypothetical question is broader on cross-examination and may include the assumption of a fact not in evidence. The cases cited in support of this proposition hold only that the cross-examiner is permitted to propound hypothetical questions based upon facts not in evidence for the purpose of testing the skill and knowledge of the witness.[2] A hypothetical question based upon a fact not yet in evidence may be allowed by the court upon the representation of counsel that the fact will be developed later by his evidence.[3]

The record fairly supports the inference that the question objected to was asked by counsel for the defendant with the expectation—or perhaps the hope —that the evidence would show that the plaintiff assisted in separating and moving the cars. The question was: "If he attempted to move the cars at that time, *if this turns out to be the evidence,* then what?" After the objection was made, counsel for defendant said to the court: "[T]he doctor was called out of order." The trial court has a broad discretion in determining the order of proof. It would have been better if the court in overruling plaintiff's objection had based its ruling upon the supposition that proof of the fact assumed would be forthcoming. Although

---

[1] Holmberg v. Jacobs, 77 Or 246, 150 P 284, Ann Cas 1917D 496 (1915); 2 Wigmore, Evidence § 672 (3d ed); Rogers, Expert Testimony, § 52 (3d ed Wenne 1941).

[2] McCauley v. Pacific Atlantic S.S. Co., 167 Or 80, 115 P2d 307 (1941); Duggins v. International Motor Transit Company, 153 Wash 549, 280 P 50 (1929); Levine v. Barry, 114 Wash 623, 195 P 1003 (1921).

[3] Annotation: Propriety of hypothetical question to expert witness on cross-examination, 71 ALR2d 6 at 23 (1960).

the objection was not overruled on this ground, we do not think that the trial court's initial action in over-ruling the objection was error under these circumstances. However, after all of the evidence was in plaintiff moved to strike the testimony to which objection had been made.

The testimony was directed to the issue of causation, i.e., whether the injury was caused by the impact of the cars or by plaintiff's attempt to lift one of the cars. The vice of the testimony was that it supplied the jury with the basis for inferring that because back injuries such as that suffered by plaintiff frequently occur from lifting, plaintiff lifted a car in this case and thereby caused the injuries for which plaintiff seeks to recover. Plaintiff's witness explained that his answer was based upon an assumption that "that wasn't the history [he] received in the case," thus making it clear that the witness himself was not drawing the inference that lifting was the cause of injury. But in spite of this explanation by the witness the testimony suggested to the jury the basis for an inference as to cause which they might not have drawn on their own accord and this, we think, could have been prejudicial to plaintiff's case. Therefore the motion to strike should have been allowed.

Defendant argues that there was evidence to support the hypothetical question. He points to the following testimony as evidence that plaintiff physically participated in separating the two cars:

"Q   What, if anything, did you do in connection with attempting to separate your cars as you leaned over?
"A   Nothing at that time.
"Q   Did you pull them?
"A   I didn't have ahold of them.

"Q    Did you push on them?

"A    I didn't push on them. I merely placed my hands on his fender and leaned on it to lean over, but I never pushed at that time on either car.

"Q    What did you do; did you go back and get in your car?

"A    This other car stopped. A young fellow got out and wanted to know if I needed help. I think I told him I wanted to know if these could be separated. He jumped on the bumper and passed the information he thought they could be by him jumping and pushing.

"Q    Did he separate them?

"A    Not until Mr. Schlottman got back. Then, between the three of us they were separated and pushed apart about a foot."

There is nothing in the foregoing testimony which can be regarded as an admission by plaintiff that he attempted to lift the cars. Plaintiff later testified that he did not attempt to lift the cars. We find no other evidence in the record to support the hypothetical question.

Reversed and remanded.